No. 12-17778

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

JOSEPH RUWE, et al.,

Plaintiffs-Appellees,

v.

JAMES J. POINDEXTER, et al.,
Objectors-Appellants,

v.

CELLCO PARTNERSHIP, d/b/a Verizon Wireless

Defendant-Appellee.
_____

From the United States District Court
For the Northern District of California
No. 3:07-cv-03679-JSW
_____

PLAINTIFF-APPELLEES' OPPOSITION TO OBJECTOR APPELLANTS'
MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF
_____

| | | |
|---|---|---|
| Shana E. Scarlett (217895) | Steve W. Berman | Mark Chavez (90858) |
| Jeff D. Friedman (173886) | HAGENS BERMAN SOBOL | Nance F. Becker (99292) |
| HAGENS BERMAN | SHAPIRO LLP | CHAVEZ & GERTLER LLP |
| SOBOL SHAPIRO LLP | 1918 Eighth Avenue, | 42 Miller Avenue |
| 715 Hearst Avenue, | Suite 3300 | Mill Valley, CA 94941 |
| Suite 202 | Seattle, WA 98101 | Telephone: (415) 388-5599 |
| Berkeley, CA 94710 | Telephone: (206) 623-7292 | Facsimile: (415) 381-5572 |
| Telephone: (510) 725-3000 | Facsimile: (206) 623-0594 | mark@chavezgerler.com |
| Facsimile: (510) 725-3001 | steve@hbsslaw.com | nance@chavezgerler.com |
| shanas@hbsslaw.com | | |

*Attorneys for Plaintiffs-Appellees*

## I. INTRODUCTION

Appellants seek an additional thirty-day extension of time to file an opening brief.[1] The request is untimely, procedurally infirm, and lacks merit. Appellees respectfully request that the Court deny the Appellants' request for an extension of time and the related request to file this motion late.

On November 16, 2012, after five years of investigation, litigation and protracted mediation, the District Court granted final approval of a settlement that provides real and exceptional benefits to approximately six million Verizon Wireless customers in California. The settlement, however, was challenged by professional objector Mr. Joseph Darrell Palmer, on behalf of Poindexter, Palmer and Perle ("Appellants"), with a meritless objection concerning a potentially small residual of uncashed checks going for *cy pres* and the attorneys' fees award. Appellants' objection was summarily rejected; they then filed this appeal.

---

[1] Motion of James Poindexter, Cery Perle and Jeffrey Palmer for An Additional Extension of Time to File an Opening Brief; Request for Permission to File Late Request; Memorandum of Points and Authorities; and Declaration of Joseph Darrell Palmer, April 25, 2013, ECF No. 9.

Since filing the Notice of Appeal,[2] the Appellants have missed deadlines and violated this Court's rules, resulting in repeated postponement of these proceedings. Among these infirmities, Appellants, who are represented by counsel, have (1) failed to pay docketing fees timely;[3] (2) belatedly and without good cause requested this second extension of time; and (3) failed to post bond the district court ordered.[4] The instant request for an extension is simply the latest effort to delay the distribution of damages to the class, an amount the district court approved as fair, adequate and reasonable.

## II.   ARGUMENT

Appellants' opening brief was originally due on March 27, 2013.[5] The day before the brief was due, Appellants asked the Court for a thirty-day extension of

---

[2] Notice of Appeal, December 17, 2012, ECF No. 134 (N.D. Cal.).

[3] *See* Request for Payment of Docket Fee, Dec. 18, 2012, ECF No. 136 (N.D. Cal.) (letter from the Clerk of the Northern District of California to Mr. Palmer noting that the docketing fee of $455 for his appeal had not been received and directing him to submit it immediately); Order to show cause regarding failure to pay docketing fees, Jan. 3, 2013, ECF No. 2-1 (reflecting that Mr. Palmer has not paid the docketing and filing fees for this appeal); Notice Re Returned Check-First Notice of Payment Due, Jan. 30, 2013, ECF No. 139 (N.D. Cal.).

[4] Order Granting the Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal, at 2, March 25, 2013, ECF No. 146 (N.D. Cal.).

[5] Time Schedule Order at 3, December 18, 2012, ECF No. 1-4.

time to file.[6] The Court granted this request, as a matter of routine, pursuant to the new streamlined extension of time procedure. The new deadline for filing the opening brief was set at April 26, 2013.[7]

On April 25, 2013, once again the day before the brief was due, Appellants asked the Court for an *additional* thirty-day extension of time to file an opening brief. [8] Appellees oppose this second motion to extend the brief's due date, because it is both substantively and procedurally deficient.

## A.  Legal Standard

The Court may grant an initial extension of time to file an opening brief on a showing of good cause.[9] Multiple requests to extend time, however, are disfavored.[10] Once a party has received an extension of time, as the Appellants' in

---

[6] Filed (ECF) Streamlined request for extension of time to file Opening Brief by Appellants Jeffrey Palmer, Cery Perle and James J. Poindexter, March 26, 2013, ECF No. 7.

[7] Streamlined request by Appellants Jeffrey Palmer, Cery Perle and James J. Poindexter to extend to file the brief is approved, March 26, 2013, ECF No. 8.

[8] Motion of James Poindexter, Cery Perle and Jeffrey Palmer for An Additional Extension of Time to File an Opening Brief; Request for Permission to File Late Request; Memorandum of Points and Authorities; and Declaration of Joseph Darrell Palmer, April 25, 2013, ECF No. 9.

[9] Federal Rule of Appellate Procedure 26(b).

[10] Circuit Advisory Committee Note to Rule 31-2.2 ("Multiple motions for extension of time to file a brief are disfavored, however, and the Court may decline

this case have, any additional request for more time must demonstrate "*extraordinary and compelling circumstances*."[11]

## B. Generally Being Busy Does Not Meet the Standard of Extraordinary and Compelling Circumstances

In his declaration, Appellants' counsel lists three conclusory reasons why he is unavailable and therefore needs thirty more days to file the opening brief. These reasons amount to a claim that Appellants' counsel is busy paying attention to other matters: (1) he has two other appellate opening briefs due in coming weeks, (2) a pregnant associate left on maternity a month early, and (3) the "press of other business."[12] In short, Appellants' counsel did not use the time provided by his first extension to write his brief. Rather, counsel is now once again too busy attending to other matters at work to file his brief in this case. No additional information or supporting evidence is provided.

Foreseeable, professional obligations, however, do not constitute extraordinary or compelling circumstances. Indeed, Ninth Circuit Rule 31-2.2(b) expressly states that "[a] conclusory statement as to the press of business does not

---

to grant relief if a successive motion fails to demonstrate diligence and substantial need.")

[11] 9th Cir. R. 31-2.2(a)(emphasis added).

[12] Motion An Additional Extension of Time to File an Opening Brief at 3, April 25, 2013, ECF No. 9.

constitute a showing of *diligence and substantial need*."[13] That is, Appellants' showing does not even meet the lower standard than what is required here for another extension. Appellants' showing falls far short of the standard to demonstrate the "extraordinary and compelling" circumstances required for a second time extension.

C. **Appellants Violated this Courts' Procedures by Waiting to Ask for a Second Extension Until a Day Before the Opening Brief was Due, Which is a Separate and Independent Ground to Deny the Extension**

A written request for an extension of time is required to be filed "at least 7 days before the expiration of the time prescribed for filing the brief."[14] In the instant case, the Appellants' request was filed on April 25, 2013, one day before the Appellants' opening brief was due.[15] Appellants were not even close to meeting their deadline.

For good cause shown, the Court may permit an act to be done after the expiration of a deadline.[16] But showing "good cause" requires more than mere

---

[13] 9th Cir. R. 31-2.2(b)(emphasis added).

[14] 9th Cir. R. 31‑2.2(b).

[15] Motion An Additional Extension of Time to File an Opening Brief, April 25, 2013, ECF No. 9.

[16] Federal Rule of Appellate Procedure 26(b).

inattention to the calendar or even good faith mistakes about filing deadlines.[17]
Here, Appellants offer no factual showing whatsoever to explain (let alone justify) the untimely filing. The request for an extension of time was filed extremely late and without good cause. This infirmity is additional grounds to deny an extension.[18]

**D.  Appellants' Second Request for an Extension of Time Should Also Be Denied Due to Procedural Infirmities and Omissions that Impair the Court's Ability to Analyze the Request**

To help the Court decide whether to grant an extension, the request "shall be accompanied by a declaration" that states "when the brief is due"[19] and also "when the brief was *first* due."[20] Appellants' declaration omits both required dates. Indeed, the request papers completely fail to document that the Appellants'

---

[17] *See Molura v. Miller*, 621 F.2d 334, 336 (9th Cir. 1980)(holding that an appellee's "inadvertent miscalendaring of the time for filing" was insufficient to show good cause for late filing.

[18] *See e.g.  Lee v. McConnell*, 2000 U.S. App. LEXIS 23876, Sept. 21, 2000 (9th Cir.) (denying an untimely motion for an extension of time to file a brief); *Ashford v. Naimco, Inc.* (*In re Consol. Pioneer Mortg. Entities*), 1996 U.S. App. LEXIS 17741, July 15, 1996 (9th Cir.) (denying a request to file a brief late because the request was untimely).

[19] 9th Cir. R. 31-2.2(b) (1).

[20] 9th Cir. R. 31-2.2(b)(2)(emphasis added).

opening brief was originally due on March 27, 2013,[21] effectively hiding the length of the first extension of time the Appellants were granted.

The declaration also failed to include the required "representation that movant has exercised diligence and that the brief will be filed within the time requested."[22] Appellants' counsel neither declared that he has given this matter the attention and care legally required nor committed under oath to file the opening brief within the additional time requested. The Appellants' request omits compulsory information that the Court relies on to analyze requests for additional time. For this additional reason, the request should be denied.

**E.     Appellants' Second Request for an Extension of Time Should Also Be Denied Because the Appellants have Failed to Post an Appeal Bond.**

On March 25, 2013, the District Court ordered the Appellants to immediately post an appeal bond in the amount of $25,000, finding three critical factors "weighed heavily in favor of a bond, namely: (1) the financial ability to post a bond; (2) the risk that appellants would not pay appellee's costs on appeal;

---

[21] Time Schedule Order at 3, December 18, 2012, ECF No. 1-4.

[22] 9th Cir. R. 31-2.2(b)(5).

and (3) the merits of the appeal."[23] As of the filing of this opposition, over a month later, the bond remains unpaid.

### III. CONCLUSION

To date, Appellants have failed to comply with the District Court's order to post a bond. They have failed to make a timely request for a second extension of time. And even the untimely request failed to meet the minimum substantive and procedural requirements for a written motion for time extension. These failures, coupled with the use of serial delay tactics, have prevented the Court from processing this appeal for hearing and are tantamount to a lack of prosecution.

For the reasons above, Appellees respectfully request that the Court deny the Appellants' request for an extension of time and the related request to file this motion late.

DATED: May 3, 2013.                     HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By ___/s/ Jeff D. Friedman___
                                              Jeff D. Friedman (173886)

---

[23] Order Granting the Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal, at 2, March 25, 2013, ECF No. 146 (N.D. Cal.).

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue,
Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 388-5599
Facsimile: (415) 381-5572
mark@chavezgerler.com
nance@chavezgerler.com