No. 12-17778

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

JOSEPH RUWE, et al.,

Plaintiffs-Appellees,

v.

JAMES J. POINDEXTER, et al.,
Objectors-Appellants,

v.

CELLCO PARTNERSHIP, d/b/a Verizon Wireless

Defendant-Appellee.
_____

From the United States District Court
For the Northern District of California
No. 3:07-cv-03679-JSW
_____

PLAINTIFFS-APPELLEES' MOTION FOR INVOLUNTARY DISMISSAL OF
APPEAL DUE TO OBJECTORS' FAILURE TO FILE AN OPENING BRIEF
_____

| | | |
|---|---|---|
| Shana E. Scarlett (217895) | Steve W. Berman | Mark Chavez (90858) |
| Jeff D. Friedman (173886) | HAGENS BERMAN SOBOL | Nance F. Becker (99292) |
| HAGENS BERMAN | SHAPIRO LLP | CHAVEZ & GERTLER LLP |
| SOBOL SHAPIRO LLP | 1918 Eighth Avenue, | 42 Miller Avenue |
| 715 Hearst Avenue, | Suite 3300 | Mill Valley, CA 94941 |
| Suite 202 | Seattle, WA 98101 | Telephone: (415) 388-5599 |
| Berkeley, CA 94710 | Telephone: (206) 623-7292 | Facsimile: (415) 381-5572 |
| Telephone: (510) 725-3000 | Facsimile: (206) 623-0594 | mark@chavezgerler.com |
| Facsimile: (510) 725-3001 | steve@hbsslaw.com | nance@chavezgerler.com |
| shanas@hbsslaw.com | | |

*Attorneys for Plaintiffs-Appellees*

010177-12  614618 V1

## I. INTRODUCTION

Plaintiffs-Appellees in this case represent a class of Verizon Wireless subscribers who have reached a final settlement with Verizon Wireless in the amount of $10 million. The district court approved the settlement on November 16, 2012. Distribution of these funds to the class have been delayed for over six months while Objectors-Appellants James J. Poindexter, Jeffrey Palmer and Cery Perle have repeatedly sought extensions from this Court to file their opening brief (and have failed to file the bond the district court Judge ordered to be posted during appeal). Objectors once again have failed to file their opening brief. The brief was due on May 28, 2013, based on Objectors' belated request (the day before the brief was due) for yet another extension. Respectfully, Plaintiffs move to dismiss this appeal due to the Objectors' failure to prosecute.

## II. ARGUMENT

Objectors' opening brief was originally due on March 27, 2013.[1] The day before the brief was due, Objectors asked the Court for a thirty-day extension of time to file.[2] The Court granted this request. The Court set a new deadline for filing

---

[1] Time Schedule Order at 3, Dec. 18, 2012, ECF No. 1-4.

[2] Streamlined request for extension of time to file Opening Brief by Appellants Jeffrey Palmer, Cery Perle and James J. Poindexter, Mar. 26, 2013, ECF No. 7.

the opening brief for April 26, 2013.[3]

On April 25, 2013, once again the day before the brief was due, Objectors asked the Court for an additional thirty-day extension of time to file an opening brief.[4] Plaintiffs opposed this extension. Despite being untimely and violating this Court's rules, the motion was granted. The Court ordered Objectors to file their opening brief by May 28, 2013.[5] Even after being granted these consecutive extensions of time, Objectors still failed to file a timely opening brief (or any brief whatsoever).

**A.     Legal Standard**

It is within the Court's discretion to dismiss an appeal for failure to timely file an opening brief.[6] The Court may also take whatever other actions it deems appropriate, including the imposition of sanctions, with respect to the party that

---

[3]    Streamlined request by Appellants Jeffrey Palmer, Cery Perle and James J. Poindexter to extend to file the brief is approved, Mar. 26, 2013, ECF No. 8.

[4]    Motion of James Poindexter, Cery Perle and Jeffrey Palmer for An Additional Extension of Time to File an Opening Brief; Request for Permission to File Late Request; Memorandum of Points and Authorities; and Declaration of Joseph Darrell Palmer, Apr. 25, 2013, ECF No. 9.

[5]    Order, May 7, 2013, ECF No. 11.

[6]    Circuit Rule 31-2.3; *id.* at 42-1.

failed to prosecute or process an appeal for hearing.[7]

### B. Objectors' Appeal Should Be Involuntarily Dismissed After Repeatedly Failing to File a Timely Opening Brief

Despite having been given two lengthy extensions of time, the Objectors did not file an opening brief. They have, by any definition, failed to prosecute their appeal.

Despite their failure to pursue their appeal, the Objectors have succeeded in postponing the implementation of a settlement that the district court approved as fair, adequate and reasonable on November 16, 2012. They have prevented timely distribution of damages to the class of approximately six million Verizon Wireless customers in California.

Upon granting the Objectors' second extension of time, the Court specifically stated that "[a]ny further request for an extension of time to file the brief is disfavored."[8] The Objectors have not even attempted to seek another extension. They simply chose not to file anything at all.

---

[7] *Id.* at 31-2.3 ("Failure to file the brief timely or advise the Court that no brief will be filed will subject counsel to sanctions."); *id.* at 42-1("In all instances of failure to prosecute an appeal to hearing as required, the Court may take such other action as it deems appropriate, including imposition of disciplinary and monetary sanctions on those responsible for prosecution of the appeal.)

[8] Order, ECF No. 11.

Given the Objectors' failure to meet their deadline to file an opening brief, the prejudice to the class, and the Court's express disapproval of a third extension of time, this appeal should be dismissed for failure to prosecute.

### C. Objectors' Appeal Should Also Be Involuntarily Dismissed Because the Objectors Have Failed to Post An Appeal Bond.

On March 25, 2013, the district court ordered the Objectors to immediately post an appeal bond in the amount of $25,000, finding three critical factors "weighed heavily in favor of a bond, namely: (1) the financial ability to post a bond; (2) the risk that appellants would not pay appellee's costs on appeal; and (3) the merits of the appeal."[9] This bond remains unpaid.

### III. CONCLUSION

Despite two extensions of time, Objectors have still not filed an opening brief with this Court. Nor have the Objectors sought another extension of time (which should be denied even if they did). Even though the Court has given Objectors ample opportunity to do so, Objectors have failed to prosecute this appeal.

---

[9] Order Granting the Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal at 2, Mar. 25, 2013, ECF No. 146 (N.D. Cal.).

-4-

For the reasons above, Plaintiffs respectfully request that the Court involuntarily dismiss this appeal for failure to prosecute.

DATED: June 3, 2013.   HAGENS BERMAN SOBOL SHAPIRO LLP

By _____/s/ Jeff D. Friedman_____
            JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue,
Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 388-5599
Facsimile: (415) 381-5572
mark@chavezgerler.com
nance@chavezgerler.com

Attorneys for Plaintiffs-Appellees

010177-12 614618 V1

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Jeff D. Friedman
JEFF D. FRIEDMAN