No. 12-17778

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

JOSEPH RUWE, et al.,

Plaintiffs-Appellees,

v.

JAMES J. POINDEXTER, et al.,
Objectors-Appellants,

v.

CELLCO PARTNERSHIP, d/b/a Verizon Wireless

Defendant-Appellee.
_____

From the United States District Court
For the Northern District of California
No. 3:07-cv-03679-JSW
_____

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR INVOLUNTARY
DISMISSAL OF APPEAL DUE TO OBJECTORS' FAILURE TO FILE AN
OPENING BRIEF
_____

| | | |
|---|---|---|
| Shana E. Scarlett (217895) | Steve W. Berman | Mark Chavez (90858) |
| Jeff D. Friedman (173886) | HAGENS BERMAN SOBOL | Nance F. Becker (99292) |
| HAGENS BERMAN | SHAPIRO LLP | CHAVEZ & GERTLER LLP |
| SOBOL SHAPIRO LLP | 1918 Eighth Avenue, | 42 Miller Avenue |
| 715 Hearst Avenue, | Suite 3300 | Mill Valley, CA 94941 |
| Suite 202 | Seattle, WA 98101 | Telephone: (415) 388-5599 |
| Berkeley, CA 94710 | Telephone: (206) 623-7292 | Facsimile: (415) 381-5572 |
| Telephone: (510) 725-3000 | Facsimile: (206) 623-0594 | mark@chavezgerler.com |
| Facsimile: (510) 725-3001 | steve@hbsslaw.com | nance@chavezgerler.com |
| shanas@hbsslaw.com | | |

*Attorneys for Plaintiffs-Appellees*

010073-11  618316 V1

## I.  INTRODUCTION

Objectors' opening brief was originally due on March 27, 2013.[1] On March 26, 2013, they made a late request for and were granted a thirty-day extension of time to file, setting the new deadline for April 26, 2013.[2] On April 25, 2013, the day before the brief was due, Objectors asked for another thirty-day extension.[3] Despite being untimely, the motion was granted, and the deadline to file the opening brief was moved to May 28, 2013.[4]

 In spite of these consecutive extensions of time, Objectors still failed to file a timely opening brief. On June 13, 2013, *sixteen days* after the opening brief was due, the Objectors finally filed a brief.[5] They also contemporaneously asked the Court for leave to file a late brief. Objectors are essentially asking the Court for a

---

[1] Time Schedule Order at 3, Dec. 18, 2012, ECF No. 1-4.

[2] Streamlined request by Appellants Jeffrey Palmer, Cery Perle and James J. Poindexter to extend to file the brief is approved, Mar. 26, 2013, ECF No. 8.

[3] Motion of James Poindexter, Cery Perle and Jeffrey Palmer for An Additional Extension of Time to File Opening Brief; Request for Permission to File Late Request; Memorandum of Points and Authorities; and Declaration of Joseph Darrell Palmer ("Objs.' Mot. for Extension and Late File Request"), Apr. 25, 2013, ECF No. 9.

[4] Order, May 7, 2013, ECF No. 11.

[5] Opening Brief of Appellants James Poindexter, Cery Perle and Jeffrey Palmer, June 13, 2013, ECF No. 14-1.

third extension of time to file their opening brief, after the fact. This request should be denied and the appeal involuntarily dismissed.

## II.     ARGUMENT

**A.     Objectors' Appeal Should Be Involuntarily Dismissed Because Objectors Violated this Courts' Procedures by Waiting to Ask for a Third Extension Until Sixteen Days After the Opening Brief Was Due**

The Objectors have repeatedly disregarded deadlines in this matter. Their first two requests for extensions of time were filed the day before the briefs were due, violating the rule that such requests must be filed "at least 7 days before the expiration of the time prescribed for filing the brief."[6] Now Objectors are essentially asking the Court to grant them a third extension of time to file an opening brief, after they have already granted it to themselves.

Objectors failed in their second request for an extension of time to include the required "representation that movant has exercised diligence and that the brief will be filed within the time requested."[7] Specifically, the Objectors' counsel neither declared that he had given this matter the attention and care legally required nor committed under oath to file the opening brief within the additional time

---

[6] Circuit Rule 31-2.2(b).

[7] *Id*. at 31-2.2(b)(5).

requested.[8] And now the Objectors violated the very deadline they were supposed to have represented (but did not) that they would not violate again. Disturbingly, the current delinquency is even more egregious than the previous ones. This time the untimely request for extension was late by more than two weeks.

The Objectors' systemic disregard for rules and timelines should not be permitted. Although the Court has discretion to issue sanctions to Objectors' counsel for failure to file a timely opening brief,[9] Plaintiffs, simply request that this appeal be appropriately dismissed. The Objectors have had numerous opportunities to pursue their collateral attack here on the settlement the district court approved.

**B.      Objectors' Appeal Should Also Be Involuntarily Dismissed Because Their Untimely Opening Brief Is a Near Duplicate of Their District Court Objection Papers, and Therefore Does Not Warrant Any Special Exception.**

The Objectors' opening brief raises no novel issues or new claims. It simply recycles the objections that were raised, reviewed and summarily dismissed by the

---

[8]   *See* Objs.' Mot. for Extension and Late File Request, ECF No. 9; *see also* Plaintiff-Appellees' Opposition to Objector Appellants' Motion for Extension of Time to File Opening Brief at 7, May 3, 2013, ECF No. 10 (citing this procedural infirmity).

[9]   Circuit Rule 31-2.3 ("Failure to file the brief timely or advise the Court that no brief will be filed will subject counsel to sanctions.").

district court. Specifically, the issues on appeal – the *cy pres* distribution and the attorneys' fees award – were addressed in great detail.

Objectors' counsel also recycles excuses about staffing problems and the press of other business.[10] He fails to explain, however, why he was unable to make this request ***in advance*** of the opening brief deadline, or justify his decision to file the opening brief sixteen days ***after*** the deadline.

Circuit Advisory Committee Note to Rule 31-2.2 states that "[m]ultiple motions for extension of time to file a brief are disfavored, however, and the Court may decline to grant relief if a successive motion fails to demonstrate diligence and substantial need." In these papers, Objectors reiterate familiar themes, but fail to show diligence or need. The request for a third extension should be denied and the appeal dismissed.

**C.     Objectors' Appeal Should Also Be Involuntarily Dismissed Because Objectors' Counsel Did Not Inform the Parties of His Intent to Seek a Third Extension of Time to File the Opening Brief.**

Objectors' counsel declared under the penalty of perjury that he "informed all attorneys" in the case about his intent to request the permission to file his

---

[10] *See* Objs.' Mot. for Extension and Late File Request, ECF No. 9; *see also* Response in Opposition to Plaintiffs' Motion for Involuntary Dismissal; Memorandum of Points and Authorities; and Declaration of Joseph Darrell Palmer ("Response to Mot. to Dismiss") at 3, June 13, 2013, ECF No. 13.

opening brief late, and that he had received no response.[11] To the contrary, Plaintiffs received no communication whatsoever from Objectors' counsel in advance of this filing. As such, the request for a third extension omits compulsory information regarding whether any party objects. This procedural infirmity violates Circuit Rule 31-2.2(b)(6), and constitutes a separate and additional reason for the request to be denied, and the appeal dismissed.

**D. Objectors' Appeal Should Also Be Involuntarily Dismissed Because the Objectors Have Failed to Post an Appeal Bond.**

On March 25, 2013, the district court ordered the Objectors to immediately post an appeal bond in the amount of $25,000.[12] This bond remains unpaid. Indeed, it appears that the Objectors have no intention of paying it. Rather, Objectors' counsel has suggested that it is somehow incumbent on Plaintiffs to "meet and confer" with him regarding the bond or take "action in the district court to enforce the order."[13]

---

[11] Response to Mot. to Dismiss at 3, ECF No. 13.

[12] Order Granting the Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal at 2, *Ruwe, et al. v. Cellco Partnership d/b/a Verizon Wireless*, No. 07-cv-03679 JSW (N.D. Cal. Mar. 25, 2013), ECF No. 146.

[13] Response to Mot. to Dismiss at 4, ECF No. 13.

### III. CONCLUSION

Despite two extensions of time, Objectors filed an opening brief sixteen days late, with no notice to the Court or Plaintiffs, and have failed to pay their court-ordered bond. Plaintiffs respectfully request that the Court involuntarily dismiss this appeal for failure to prosecute.

DATED: June 20, 2013.                    HAGENS BERMAN SOBOL SHAPIRO LLP

By ____/s/ Jeff D. Friedman____
        JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue,
Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 388-5599
Facsimile: (415) 381-5572
mark@chavezgerler.com
nance@chavezgerler.com

Attorneys for Plaintiffs-Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.



/s/ Jeff D. Friedman
JEFF D. FRIEDMAN

010073-11 618316 V1